Brown, J.
The proceedings of the board of supervisors had in November, 1886, can have no effect upon the validity of the contract with the water company; if that contract was valid when executed, it could not be rescinded by the board of supervisors without the consent of the other party.
I am unable to agree with the view that the supervisors upon the presentation of the petition of the tax-payers had no power beyond the creation of the fire district, and that the question of contracting for a supply of water was after the district was created, to be submitted to the tax-payers.
The statute empowers the board of supervisors to establish the district and to authorize the procurement of a supply of water and to purchase apparatus to extinguish fires. All this is to be done upon the petition signed by more than one-half of the tax-payers of the district.
The board therefore, had, upon the presentation of the petition, the power to establish the district and also at the same time to authorize the contract for a supply of water upon the terms set forth in the petition. The petition contains the only expression of the will of the tax-payers called for by the statute.
But having authorized the contract, how was it to be executed? The clear will and intent of the statute is not to be defeated because in the district there is no proper officer authorized to sign for or represent the tax-payers. Here is. a small section of a town having no independent local government authorized to be set apart from the rest of the town for a particular purpose. They are substantially directed to act through the board of supervisors, and it is clearly to be implied that the supervisors were to sign the necessary contract as the representatives of the district and this power was substantially complied with by designating one of their members to sign the contract.
I think the objections made to the proceedings are without, merit. In this proceeding it must be assumed that the petition was signed by the requisite number of tax-payers. If it was desired to contest that point the remedy is by certiorari to review the proceedings of the board of supervisors.
The motion for a mandamus must be granted.